IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL E. DONNELLY, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 21-3010 |
| | : | |
| v. | : | |
| | : | |
| MITCHELL V. JOSEPH, Warden FPC Pensacola, | : | |
| | : | |
| Respondent. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                    December 9, 2021

A federal prisoner has filed the instant habeas corpus petition under 28 U.S.C. § 2241 based on claims the federal correctional institution where he served an initial period of his incarceration violated his due process rights. The petitioner alleges the institution failed to provide him with a timely copy of the written findings from his disciplinary proceeding. He requests reinstatement of his good conduct time and an expungement of the incident report number under which he was sanctioned. For the reasons set forth below, the court will deny the section 2241 petition.

I.     PROCEDURAL HISTORY

The federal criminal proceedings involving the petitioner, Michael E. Donnelly ("Donnelly"), started on October 19, 2015, when the government charged Donnelly by information with one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of securities fraud, in violation of 15 U.S.C. § 78j(b), 78ff and 17 C.F.R. § 240.10b-5. Information at 1, *United States v. Donnelly*, Crim. A. No. 15-501, Doc. No. 1. Donnelly pled guilty to the information on December 21, 2015, pursuant to a noncooperation plea agreement with the government. *United States v. Donnelly*, Crim. A. No. 15-501, Doc. No. 10. The plea agreement provided, *inter alia*,

1

that Donnelly "1) plead guilty to the information; 2) is eligible for a downward sentencing guidelines adjustment for acceptance of responsibility; and 3) defrauded his clients out of approximately $1,990,150.54 and that his Sentencing Guidelines base offense level will be determined based on this amount." Gov't's Plea Mem. at 1, *United States v. Donnelly*, Crim. A. No. 15-501, Doc. No. 19 (footnote omitted). On April 26, 2016, this court sentenced Donnelly to 99 months' imprisonment. J. at ECF p. 2, *United States v. Donnelly*, Crim. A. No. 15-501, Doc. No. 23; *see also* Sentencing Hr'g Tr. at 132–47, *United States v. Donnelly*, Crim. A. No. 15-501, Doc. No. 28. Donnelly served initial periods of his incarceration at FCI Fairton and FPC Pensacola, but is now confined to his home in Springfield, Pennsylvania. Gov't's Opp'n to Pet'r's Pet. For Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Gov't's Opp'n") at 2, Doc. No. 9.

On May 1, 2017, Donnelly filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *United States v. Donnelly*, Crim. A. No. 15-501, Doc. No. 32. The government filed its amended response in opposition to this motion on June 5, 2017. *United States v. Donnelly*, Crim. A. No. 15-501, Doc. No. 35. After hearing testimony from both parties during an evidentiary hearing, the court dismissed with prejudice the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on November 2, 2017. *United States v. Donnelly*, Crim. A. No. 15-501, Doc. No. 49.

Donnelly initiated the present matter on July 6, 2021 when he filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. No. 1. The respondent filed a response in opposition on October 25, 2021. Doc. No. 9. Donnelly filed a motion for the appointment of counsel on October 31, 2021. Doc. No. 10. Both the motion for appointment of counsel and the section 2241 petition are ripe for disposition.

## II.     DISCUSSION

### A.     Factual Background Applicable to the Section 2241 Petition

On October 4, 2018, at FCI Fairton, an officer observed Donnelly wrestling with and punching another inmate. Incident Report at ECF p. 9, Doc. No. 9-1. The officer ordered them to stop fighting and both Donnelly and the other inmate complied immediately. *Id.* Donnelly received the incident report and notice he violated Code 201, *Fighting with Another Person*, on October 5, 2018. Discipline Hearing Officer Report ("DHO Report") at ECF p. 7, Doc. No. 9-1. Shortly thereafter, on October 9, 2018, the incident report was referred to the discipline hearing officer ("DHO"), who advised Donnelly of his rights at the upcoming DHO hearing. Notice of Discipline Hearing Before the DHO at ECF p. 11, Doc. No. 9-1.

The DHO hearing occurred on November 8, 2018. Pet'r's Pet. For Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Pet.") at ECF p. 4, Doc. No. 1; Gov't's Opp'n at 4. At the hearing, Donnelly acknowledged he understood his rights and waived his right to a staff representative and his right to call witnesses. DHO Report at ECF p. 7. Donnelly admitted during the hearing that he was involved in a hostile physical altercation with another inmate. *Id.* at 8. This admission, together with the eyewitness account of the reporting officer and the written incident report, led the DHO to conclude Donnelly committed the prohibited act of fighting with another person. *Id.* Donnelly's sanctions included the disallowance of 27 days of good conduct time ("GCT") and 15 days of disciplinary segregation, which was suspended. *Id.* On January 13, 2021, Donnelly received a copy of the DHO report. Pet. at ECF p. 6.

### B.     The Parties' Arguments

In the instant section 2241 petition, Donnelly requests (1) reinstatement of 27 days of GCT and (2) expungement of the incident report number under which he received sanctions for violating

3

Code 201, *Fighting with Another Person*. *Id.* at 14. He contends the failure to provide him with a timely copy of the DHO report violated his due process rights and, consequently, justifies the invalidation of the discipline process. *Id.*

In response to Donnelly's petition, the respondent asserts due process in the context of a prison disciplinary hearing does not prescribe a specific time frame during which an inmate must receive the written findings of a disciplinary process. Gov't's Opp'n at 7. Rather, the Federal Bureau of Prisons (BOP) program statement provides discretionary guidance on when an inmate should receive a written copy of disciplinary proceedings and decisions. *Id.*

### C. Law Generally Applicable to Section 2241 Petitions

Both 28 U.S.C. §§ 2241 and 2255 confer federal jurisdiction over federal inmates' habeas petitions. Section 2255 only confers jurisdiction over "challenges [to] the validity of the petitioner's sentence." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012). Section 2241, however, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the *execution* of his sentence." *Id.* (emphasis added) (quoting *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005)). The execution of a federal prisoner's sentence includes, among other matters, "prison disciplinary actions." *Id.* A claim challenging the deprivation of GCT falls under section 2241. *Campbell v. Holt*, 432 F. App'x 49, 50 (3d Cir. 2011) (per curiam); *Barner v. Williamson*, 233 F. App'x 197 (3d Cir. 2007) (per curiam).

### D. Analysis

Donnelly is not entitled to habeas relief because he received all constitutionally required due process during the disciplinary process. In the context of a prison disciplinary hearing, due process requires: "(1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by the

factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974)). Neither *Wolff* nor 28 C.F.R. § 541.8(h), under which the BOP has promulgated rules for inmate discipline, prescribes a time within which an inmate must receive these findings. Instead, BOP Inmate Discipline Program Statement 5270.09 states, "The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days of the decision." *See* https://bop.gov/policy/progstat/5270_009.pdf. "'Ordinarily' is a discretionary term, and 'prison officials are given wide discretion to adopt and execute their policies needed to maintain internal order.'" *Wallace v. Fed. Det. Ctr.*, Civ. A. No. 12-1217, 2012 WL 6604501, at *3 (E.D. Pa. Dec. 18, 2012), *aff'd*, 528 F. App'x 160 (3d Cir. 2013) (quoting *Barner v. Williamson*, 233 F. App'x 197, 200 n.5 (3d Cir. 2007)).

In examining the process Donnelly received during his disciplinary proceeding, it is evident that he received all process constitutionally owed to him. Concerning the first *Hill* factor, Donnelly received advanced written notice of the disciplinary charge on October 5, 2018, more than a month prior to the DHO hearing on November 8, 2018. DHO Report at ECF p. 7. As for the second *Hill* factor, Donnelly had the opportunity to call witnesses but waived his right to do so. *Id.* Regarding the final *Hill* factor, Donnelly acknowledged receiving a written statement of the DHO's findings on January 13, 2021, when he was issued a copy of the DHO report. Pet. at ECF p. 6. While he may challenge the timing of when he received this report, a delay such as this does not constitute a due process violation. Accordingly, Donnelly is not entitled to habeas relief.

### III.     CONCLUSION

For the foregoing reasons, the court will deny Donnelly's section 2241 petition. The court will also deny his request for appointment of counsel and decline to issue a certificate of appealability.[1]

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] Regarding Donnelly's request for appointment of counsel, the court can exercise discretion and appoint counsel to represent him if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2); *Reese v. Fulcomer*, 946 F.2d 247, 263–64 (3d Cir. 1991) (referencing 18 U.S.C. § 3006A(a)(2)), *superseded on other grounds by* 28 U.S.C. § 2254(d). The court may appoint counsel if "the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263–64 (citation omitted). Here, Donnelly presents a single claim that, as discussed above, lacks merit. *See Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993) (explaining that in deciding whether to appoint counsel, the court must "consider as a threshold matter the merits of the plaintiff's claim"); *see also Mayer v. Corbett*, 186 F. App'x 262, 264 (3d Cir. 2006) (per curiam) (denying motion for appointment of counsel because appellant "has not made a threshold showing that his appeal has arguable merit in fact and law" (citing *Tabron*)). In addition, the issue presented by Donnelly is not complex, and the court does not find that the appointment of counsel will benefit him or the court. Donnelly also appears to understand the issues and can present his issues "coherently and forcefully." *Id.* at 264 (citation and internal quotation marks omitted). Therefore, the court denies Donnelly's request for counsel.
    Concerning a certificate of appealability, Donnelly has neither made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), nor "demonstrate[d] that reasonable jurists would find [this court's] assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004).